**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YASYN WHITE-SOTO, <br><br> Plaintiff, <br><br> v. <br><br> TEDDY STARR, <br><br> Defendant. | Case No. 1:19-cv-00457-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL <br><br> (ECF No. 22) |

Plaintiff Yasyn White-Soto is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's complaint against Defendant Starr for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (ECF No. 9.)

Currently before the Court is Plaintiff's motion to appoint counsel, filed on March 12, 2020. (ECF No. 22.) In his motion, Plaintiff asserts that the Court should appoint counsel to represent him in this case because he cannot afford to hire a lawyer, his imprisonment will greatly limit his ability to litigate this case, the issues in this case are complex, and a lawyer would greatly assist Plaintiff in properly presenting his case to the Court. (Id.)

The Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States

1

District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. First, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Second, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").

Third, while Plaintiff contends that the issues in this case are complex, the Court has reviewed the record in this case and determined that Plaintiff's claims do not appear to present novel or complex issues of substantive law and that Plaintiff can adequately articulate his claims. Fourth, Plaintiff has not established that he has a likelihood of succeeding on the merits of one or both of his claims.

///
///
///
///

For the foregoing reasons, Plaintiff's motion to appoint counsel, (ECF No. 22), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 13, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE