# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASYN WHITE-SOTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STARR, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00457-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S *EX PARTE* MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 24)<br><br>**Exhaustion Motion Deadline: May 9, 2020** |

  Plaintiff Yasyn White-Soto ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Starr for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

  Pursuant to the Court's January 9, 2020 Discovery and Scheduling Order, the deadline for filing motions for summary judgment for failure to exhaust administrative remedies is April 9, 2020. (ECF No. 21.) On April 3, 2020, Defendant filed the instant Motion to Modify Discovery and Scheduling Order to extend the dispositive motion deadline by thirty days, up to and including May 7, 2020,[1] to allow counsel the opportunity to submit an exhaustion-based motion for summary judgment. (ECF No. 24.) Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response unnecessary and the motion is deemed submitted. Local

---

[1] It appears Defendant misread the Court's Discovery and Scheduling Order as setting the deadline for exhaustion-based summary judgment motions for April 7, 2020. However, the applicable deadline is April 9, 2020, and the Court will assume Defendant wishes to extend the deadline by thirty days beyond April 9.

1

Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defense counsel states that good cause exists to modify the scheduling order because the Office of the Attorney General for the State of California has asked its employees to refrain from coming into the office to work and to work remotely, due to the ongoing COVID-19 crisis. (ECF No. 24.) Though counsel has continued to work diligently on the motion, counsel has experienced delays due to lack of instantaneous access to her work computer, and due to difficulties obtaining documents and information from CDCR staff that are also telecommuting due to the COVID-19 crisis. Thus, Defendant seeks an additional thirty days to file a motion for summary judgment based on exhaustion grounds. (Id.)

Having considered Defendant's moving papers, the Court finds good cause to continue the discovery and dispositive motion deadlines in this action. Defendant has worked diligently to prepare this motion for summary judgment and is an attempt to expeditiously address a potentially dispositive issue now, rather than in a later dispositive motion or at trial. The Court finds that Plaintiff will not be prejudiced by the brief extension requested here.

Based on the foregoing, Defendant's motion to modify the scheduling order, (ECF No. 24), is HEREBY GRANTED. Motions for summary judgment for failure to exhaust administrative remedies shall be filed on or before **May 9, 2020**.

IT IS SO ORDERED.

Dated: __**April 6, 2020**__        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE