# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASYN WHITE-SOTO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STARR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00457-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 28)<br><br>**Exhaustion Motion Deadline: June 18, 2020** |

　　　　Plaintiff Yasyn White-Soto ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Starr for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

　　　　Pursuant to the Court's January 9, 2020 Discovery and Scheduling Order, (ECF No. 21), and April 6, 2020 order granting Defendant's *ex parte* motion to modify discovery and scheduling order, (ECF No. 25), the deadline for filing motions for summary judgment for failure to exhaust administrative remedies is May 9, 2020.

　　　　On May 8, 2020, Defendant filed a second motion to modify the scheduling order to extend the exhaustion-based motion deadline by forty days, up to and including June 18, 2020. (ECF No. 28.) Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

　　　　Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily

considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defense counsel states that good cause exists to modify the scheduling order because the Office of the Attorney General for the State of California has asked its employees to refrain from coming into the office to work and to work remotely, due to the ongoing COVID-19 crisis. (ECF No. 28.) Counsel has continued to experience delays in working primarily from home with no remote access. In addition, counsel has been advised that there is a several week delay for declarations to be reviewed and finalized by the Office of Appeals due to telecommuting due to COVID-19 and changes at the office in the review process. Counsel has a good faith belief that there is an exhaustion defense in this case, and that Defendant will be able to file his motion within the new deadline requested. In the alternative, Defendant requests that the Court allow him to bring the exhaustion defense along with a merit-based summary judgment motion. (Id.)

Having considered Defendant's moving papers, the Court finds good cause to continue the exhaustion-based dispositive motion deadline in this action. Defendant has worked diligently to prepare this motion for summary judgment, in an attempt to expeditiously address a potentially dispositive issue now, rather than in a later dispositive motion or at trial. The Court finds that Plaintiff will not be prejudiced by the brief extension requested here, particularly as the Court has also granted Plaintiff an extension of time to respond to Defendant's written discovery requests.

Based on the foregoing, Defendant's second motion to modify the scheduling order, (ECF No. 28), is HEREBY GRANTED. Motions for summary judgment for failure to exhaust administrative remedies shall be filed on or before **June 18, 2020**.

IT IS SO ORDERED.

Dated: **May 8, 2020**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE