# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASYN WHITE-SOTO,<br><br>    Plaintiff,<br><br>  v.<br><br>STARR, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00457-NONE-BAM (PC)<br><br>ORDER GRANTING IN DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 43) |

Plaintiff Yasyn White-Soto ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Starr for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

On January 9, 2020, the Court issued a Discovery and Scheduling Order setting the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for November 19, 2020. (ECF No. 21.) On June 18, 2020, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 33.) The motion is not yet fully briefed.

On November 19, 2020, Defendant filed the instant motion to modify the Court's discovery and scheduling order to vacate the merits-based dispositive motion deadline. (ECF No. 43.) The Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily

considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendant states that good cause exists to grant the motion because if the Court grants Defendant's pending motion for summary judgment, the case would be dismissed, and it would be unnecessary for the parties to file merits-based dispositive motions or oppositions and replies to those motions. (ECF No. 43-1.) It would also be unnecessary for the Court to expend its resources considering the merits-based dispositive motions. This would potentially save the Court's and parties' resources. Defendant therefore requests that the remaining deadlines in the discovery and scheduling order be vacated, to be re-set as needed after the Court rules on Defendant's exhaustion motion. (Id.)

Having considered Defendant's moving papers, the Court finds good cause to modify the merits-based dispositive motion deadline in this action. The Court finds it would be an efficient use of the resources of the Court and the parties to address any exhaustion issues prior to reaching the merits of this action. Finally, the Court finds that the continuance granted here will not result in prejudice to Plaintiff, where the exhaustion-based summary judgment motion remains pending and is not yet fully briefed.

Based on the foregoing, Defendant's motion to modify the scheduling order, (ECF No. 43), is HEREBY GRANTED. The dispositive motion deadline is VACATED. As necessary and appropriate, the Court will reset the deadline following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **November 20, 2020**          /s/ *Barbara A. McAuliffe*          
                                                                           UNITED STATES MAGISTRATE JUDGE