# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASYN WHITE-SOTO,<br><br>   Plaintiff,<br><br>   v.<br><br>STARR, *et al.*,<br><br>   Defendants. | Case No. 1:19-cv-00457-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE<br>(ECF No. 38)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br>(ECF No. 33)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Yasyn White-Soto ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Starr for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

On June 18, 2020, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 33.) Following an extension of time, Plaintiff's opposition was due on or before August 31, 2020. (ECF No. 41.)

On July 8, 2020, during the pendency of Defendant's motion for summary judgment and prior to the deadline for the filing of motions to amend pleadings, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 38.) Defendant filed an opposition on July 29, 2020. (ECF No. 42.) Plaintiff did not file a reply. This motion is deemed submitted. Local Rule

230(l).

## I. Motion to Amend

### A. Parties' Positions

In his motion, Plaintiff requests leave to file an amended complaint "to add factual information, as it relates to his civil case," and further states that since filing suit he has discovered that there were other defendants involved in the violation of his civil rights. (ECF No. 38.) Plaintiff also requests permission to correct any and all defects in this case. (Id.) Plaintiff has not attached a proposed amended complaint.

Defendant opposes the motion solely on the basis that Plaintiff failed to include a proposed amended complaint for the Court's evaluation and screening. (ECF No. 42.)

### B. Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

### C. Discussion

While it is procedurally improper for Plaintiff to file a motion to amend without including a proposed amended complaint, this procedural defect is easily cured and is not a sufficient reason to deny leave to amend that should be "freely given when justice so requires." See AmerisourceBergen Corp., 465 F.3d at 951. The Court further notes that Defendant has not argued that there will be any prejudice or undue delay, or that the motion to amend is futile or sought in bad faith. Nevertheless, Defendant is correct that Plaintiff's pleadings are subject to

screening pursuant to the *in forma pauperis* statute, and the Court cannot screen an amended complaint that has not been filed.

The Court therefore finds it appropriate to deny the motion without prejudice and permit Plaintiff to cure the procedural defect by re-filing his motion and including a proposed amended complaint that is "complete in itself without reference to the prior or superseded pleading," as required by Local Rule 220.  If Plaintiff chooses to re-file his motion to amend, he should address the factors identified above, specifically whether the filing of an amended complaint at this late stage will cause undue delay or prejudice to Defendant or any defendants he wishes to add to this action.

## II. Plaintiff's Opposition to Defendant's Motion for Summary Judgment

Meanwhile, Defendant's motion for summary judgment remains pending.  While the Court granted Plaintiff leniency with respect to his opposition while the motion to amend was pending, Plaintiff remains obligated to respond to the dispositive motion.

Defendant's motion for summary judgment was filed on June 22, 2020.  (ECF No. 33.)  In the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 33-7.)  Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), as well as the Court's order granting Plaintiff's motion for extension of time, Plaintiff's opposition or statement of non-opposition was therefore due on or before August 31, 2020.  The extended deadline for Plaintiff to respond to Defendant's motion for summary judgment has expired, and he has not otherwise been in contact with the Court.  Plaintiff will be permitted one final opportunity to show cause why this action should not be dismissed with prejudice.

## III. Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend, (ECF No. 38), is DENIED without prejudice to re-filing with a proposed first amended complaint;

///

3

2. Plaintiff shall show cause by WRITTEN RESPONSE within **twenty-one (21) days** of service of this order why this action should not be dismissed, with prejudice, for failure to prosecute;

3. Plaintiff may comply with the Court's order to show cause by filing an opposition or statement of non-opposition to Defendant's motion for summary judgment; and

4. **Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **November 23, 2020**         /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE