# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASYN WHITE-SOTO,<br><br>            Plaintiff,<br><br>      v.<br><br>STARR,<br><br>            Defendant. | Case No.  1:19-cv-00457-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)<br><br>(ECF No. 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### **FINDINGS AND RECOMMENDATIONS**

**I.    Background**

Plaintiff Yasyn White-Soto ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Starr ("Defendant") for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

On June 18, 2020, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act before filing his complaint in the instant case.[1]  (ECF No. 33.)  Following several extensions

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 33-7.)

1

of time, and resolution of Plaintiff's motion to amend the complaint, Plaintiff filed his opposition on February 24, 2021. (ECF No. 53.) Defendant filed a reply on March 3, 2021. (ECF No. 54). Plaintiff also filed sur-replies on March 26, 2021 and July 7, 2023. (ECF Nos. 57, 64.)

The motion for summary judgment is deemed submitted.[2]  Local Rule 230(l).

## II.     Defendant's Motion for Summary Judgment

### A.     Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue

---

[2] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

of exhaustion remains with Defendant. *Id.* (quotation marks omitted).

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III.   Discussion**

**A.     Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes*

*v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

**B.  Undisputed Material Facts (UMF)[3]**

The Parties

1. On August 20, 2018, Plaintiff was in CDCR custody. (ECF No. 1 ("Compl."); ECF No. 33-3, Ex. 1 ("Pl. Depo. Tr.") at 21:19–24:19.)
2. On August 20, 2018, Plaintiff was located at California Correctional Institution ("CCI"). (Pl. Depo. Tr. at 24:7–19.)
3. During the relevant time period, Defendant was employed by CDCR at CCI. (ECF No. 1.)

---

[3] ECF No. 33-2; ECF No. 53. Plaintiff addressed Defendant's Statement of Undisputed Facts Nos. 1–7 only, stating "Plaintiff was subjected to a prison cell search and defendant's other undisputed facts were lost. To avoid any more delay to the Court and defendant, Plaintiff submitts (sic) the following." (ECF No. 53, pp. 5–6.) As a result, the remainder of Defendant's Statement of Undisputed Facts is accepted except where brought into dispute by Plaintiff's verified Complaint. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

4. Plaintiff filed his complaint in April 2019.  (Pl. Depo. Tr. at 92:20–93:13.)

Opportunities for Plaintiff to File Grievances at CCI

5. At all relevant times in this case, CCI had an institutional appeals policy for inmates to file grievances.  (ECF No. 33-5 ("Prioleau Decl.") ¶¶ 1–3.)

6. Plaintiff could also grieve events which occurred at CCI, even if he was not physically at CCI at the time.  (ECF No. 33-4 ("Gonzales Decl.") ¶¶ 14–15.)

7. If an inmate files an appeal concerning allegations which took place at another institution, the appeals coordinators at Kern Valley State Prison ("KVSP") would forward the appeal to the institution where the allegations took place for adjudication.  (*Id.* ¶ 15.)

Opportunities for Plaintiff to File Grievances at KVSP

8. At all relevant times in this case, KVSP had an institutional appeals policy for inmates to file grievances.  (*Id.* ¶¶ 1–3.)

9. Plaintiff filed four appeals at KVSP before April 5, 2019.  (*Id.* ¶ 10.)

10. Those four appeals he filed at KVSP before April 5, 2019 were KVSP-0-18-003296, KVSP-0-18-03351, KVSP-0-18-02756, and KVSP-0-18-02867.  (*Id.* ¶ 10.)

11. Because all four of those appeals concerned acts at CCI, the appeals were forwarded to CCI for adjudication.  (*Id.* ¶¶ 11–14; Prioleau Decl. ¶ 11.)

12. KVSP-0-18-02867 appealed an alleged incident on August 20, 2018; in it, Plaintiff claimed that Defendant said "filing fucking grievances," took him to the ground and rubbed his face into the ground.  This appeal was submitted on September 24, 2018.  (Gonzales Decl. ¶ 14.)

Opportunities for Plaintiff to Process Appeals Through the Final Level of Review

13. There are three levels of review for an appeal.  (Pl. Depo. Tr. at 84:23–85:11.)

14. The final level of review for a 602 appeal is at the Office of Appeals ("OOA").  (ECF No. 33-6 ("Moseley Decl.") ¶ 2; Prioleau Decl. ¶ 3.)

15. Plaintiff processed a grievance against Defendant for alleged excessive force and retaliation occurring on August 20, 2018 to the final level of review at OOA.  (Moseley Decl. ¶ 7.)

5

16. The decision for Plaintiff's grievance against Defendant was assigned OOA no. 1908953. (*Id.* ¶ 7; Pl. Depo. Tr. at 89:3–91:21.)

The History of Plaintiff's Appeal Concerning the Allegations in the Instant Case

17. Plaintiff filed an appeal at KVSP, originally given the tracking number KVSP-0-18-02867, alleging that on August 20, 2018, Defendant had said "filing fucking grievances," taken him to the ground, and rubbed his face in the dirt. (Gonzales Decl. ¶ 14.)

18. KVSP-0-18-02867 was forwarded to CCI, because the alleged incidents were supposed to have occurred at CCI. (*Id.* ¶ 14; Prioleau Decl. ¶ 14.)

19. CCI assigned the appeal a CCI tracking number, CCI-0-18-02442. (Prioleau Decl. ¶ 17.)

20. CCI first issued a cancellation in CCI-0-18-02442 on October 2, 2018, citing untimeliness. (*Id.*)

21. Plaintiff appealed the decision in CCI-0-18-02442, by filing appeal CCI-0-18-02933. (*Id.* ¶ 18.)

22. In CCI-0-18-02933, Plaintiff appealed the cancellation of CCI-0-18-02442. (*Id.* ¶ 15.)

23. Appeal CCI-0-18-02933 was cancelled by CCI on November 16, 2018 for failing to file within prescribed time constraints. (*Id.* ¶ 18.)

24. Plaintiff appealed the cancellation of CCI-0-18-02933 to the Third Level of Review at OOA. OOA sent CCI-0-18-02933 back to the institution on April 22, 2019, with a modification order to open and reassign CCI-0-18-02933 within 30 days. (*Id.*)

25. On May 15, 2019, the Inmate Appeals Office at CCI directed the appeal to the appropriate staff for second level response. (*Id.*)

26. When Plaintiff appealed CCI-0-18-02933 after the modification order, it was agreed that he should be able to appeal the issues addressed in CCI-0-18-02442. (*Id.* ¶¶ 19–20.)

27. CCI assigned CCI-0-18-02442 to the Second Level of Review for a Staff Complaint, with a due date of October 15, 2019. (*Id.* ¶ 21.)

28. CCI-0-18-02442 was denied at the Second Level of Review. (*Id.*)

29. Plaintiff then appealed CCI-0-18-02442 to OOA. (*Id.*)

30. OOA issued a decision for OOA review no. 1908953 on February 3, 2020. (Moseley

Decl. ¶ 8.)

31. Plaintiff did not receive a decision back on his appeal on OOA review no. 1908953 until February 3, 2020.  (Pl. Depo. Tr. at 90:1–91:20; *see also* Ex. 2 to Pl. Depo. Tr., included as Ex. 2 to ECF No. 33-3 *and* Pl. Depo. Tr. at 111:17–24.)

Plaintiff's Movement History

32. Plaintiff arrived at CCI on August 26, 2016, and was there until September 2, 2016.  (Pl. Depo. Tr. at 24:6–25.)

33. After staying at CCI till September 2, 2016, Plaintiff was transferred to KVSP.  (*Id.* at 25:1–7.)

**C.     Plaintiff's Sur-replies**

Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file sur-replies with disfavor.  *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a sur-reply.  *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  In this Circuit, courts are required to afford *pro se* litigants additional leniency.  *E.g., Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Here, Plaintiff did not seek leave of Court before filing his sur-replies.  However, in light of Defendant's apparent non-opposition and Plaintiff's *pro se* status, the Court will exercise its discretion to not strike the evidence.  The Court will consider the evidence presented.

**D.     Analysis of Motion**

        1.     <u>Parties' Positions</u>

Defendant contends that Plaintiff had institutional grievance processes available while housed at both KVSP and CCI, and was able to file grievances for alleged incidents at CCI even when he was no longer physically located there. While Plaintiff began the process of exhausting his administrative remedies before he filed his complaint, he did not complete the process of exhausting his administrative remedies until February 3, 2020, approximately 10 months after he filed his complaint. Defendant requests that, to the extent the Court finds any genuine disputes of material fact regarding exhaustion, the Court hold a "preliminary proceeding" to resolve any such disputes, before the parties proceed to the merits of the case.

Plaintiff argues in opposition that his grievance was characterized as a "staff complaint," and the fact that Plaintiff was notified of further remedies does not necessarily indicate that further remedies were available to Plaintiff. Citing *Brown v. Valoff*, 422 F.3d 926, 937, 939 (9th Cir. 2005), Plaintiff states that the Ninth Circuit has previously noted that once a grievance is characterized as a "staff complaint" there is "no possibility" that it will be investigated again separately through the appeal process. Relying on *Brown*, a number of courts have found that an appeal of a complaint categorized as a "staff complaint" was exhausted once the investigation was ordered. Plaintiff argues that his claim was exhausted on October 3, 2018, when Plaintiff was informed that his appeal was characterized as a staff complaint.

In reply, Defendant argues that Plaintiff overstates the Ninth Circuit's holding in *Brown*, which addressed situations in which inmates received remedies at an intermediate level of review or were reliably informed by an administrator that no remedies were available. Plaintiff did not receive any intermediate relief, and Plaintiff was informed that he could file a separate appeal on the cancellation of CCI-0-18-02442. Plaintiff did appeal the cancellation, and his appeal was ultimately granted, thus obtaining additional relief. The facts of this case show that Plaintiff was both aware of and actively pursued further available remedies, but still filed his complaint instead of waiting for the final-level decision to be rendered.

///

In his sur-replies, Plaintiff argues that Defendant failed to demonstrate or produce any compelling evidence that Plaintiff could have obtained other relief through the appeal process, aside from the investigation involving staff misconduct. The fact that Plaintiff was notified about the Director's level of review does not support Defendant's argument that further remedies were available to Plaintiff, regardless of whether Plaintiff appealed the cancellation. Even assuming Plaintiff did have available remedies after the investigation was completed, Plaintiff was informed that his 602/appeal was exhausted on June 26, 2019, and Plaintiff will be able to submit his civil suit again, which would be a waste of the Court's resources if Defendant is entitled to summary judgment.[4]

### 2. KVSP-0-18-02867/CCI-0-18-02442

The parties are in agreement that Plaintiff filed an appeal regarding the August 20, 2018 incident at issue in this action. The appeal was originally submitted at KVSP on September 24, 2018 and assigned Log Number KVSP-0-18-02867. UMF 12, 17. The appeal was forwarded to CCI for processing and assigned Log Number CCI-0-18-02442. UMF 19. While CCI-0-18-02442 was cancelled for untimeliness, Plaintiff appealed the cancellation in Log Number CCI-0-18-02933. UMF 20–22. CCI-0-18-02933 was also cancelled for failing to file within prescribed time constraints, and Plaintiff appealed the cancellation up to the third level of review. UMF 23–24. OOA issued a modification order to open and reassign CCI-0-18-02933, and ultimately it was agreed that Plaintiff should be able to appeal the issues addressed in the original appeal CCI-0-18-02442. UMF 24–26. Plaintiff appealed CCI-0-18-02442, which raised his claims regarding the August 20, 2018 incident with Defendant, to the third and final level of review, and received a decision exhausting his administrative remedies on February 3, 2020. UMF 15–16, 30.

The parties also agree that on April 9, 2019, during the exhaustion process, Plaintiff initiated this lawsuit. (ECF No. 1.) The operative complaint in this action is the original complaint filed on April 9, 2019. Thus, based on the undisputed evidence before the Court, Plaintiff filed this lawsuit before receiving a final decision on KVSP-0-18-02867/CCI-0-18-

---

[4] While a dismissal for failure to exhaust administrative remedies is without prejudice to re-filing, the Court expresses no opinion as to the applicability of the statute of limitations to the re-filing of this suit.

02442.

### 3. Availability of Other Remedies

Plaintiff's primary argument is that once his grievance was characterized as a staff complaint and forwarded for a confidential investigation, even though the merits of the appeal were cancelled for untimeliness, he had no further remedies available through the administrative grievance process and therefore his appeal was considered exhausted at that time. Nevertheless, the undisputed evidence before the Court demonstrates that Plaintiff continued to pursue his administrative remedies, appealing the cancellation of his original grievance for untimeliness, as well as appealing the cancellation of the appeal of the original grievance. Ultimately, Plaintiff successfully received a decision on the merits of the original grievance for the claims raised in this action. UMF 15–16, 30.

Plaintiff contends that, regardless of whether he continued to pursue his administrative remedies, because Defendant has not presented compelling evidence that Plaintiff could have obtained other relief (aside from an investigation into the alleged staff misconduct) through the administrative process, he exhausted his administrative remedies prior to filing suit.

The Court agrees that Plaintiff overstates the holding in *Brown v. Valoff*, 422 F.3d 926. (9th Cir. 2005). While it is a defendant's burden to demonstrate that pertinent relief remained available, relevant evidence can include official directives explaining the scope of the administrative review process. *Brown*, 422 F.3d at 937. In the October 3, 2018 cancellation of CCI-0-18-02442, Plaintiff was informed that he could file a separate appeal on the cancellation decision, and the original appeal could be resubmitted if the appeal on the cancellation is granted. (ECF No. 33-6, p. 22.) Plaintiff then appealed the cancellation on October 31, 2018, with the specific action requested of: "Processing of Appeal Log No.: CCI-0-18-02442." (*Id.* at 24.) The appeal was pending when Plaintiff filed the complaint in this action on April 9, 2019, and was granted on June 25, 2019 (and signed July 7, 2019) at the second level. (*Id.* at 28.) Plaintiff was then informed that he would be afforded the opportunity to resubmit CCI-0-18-02442. (*Id.*)

Plaintiff's conclusory argument that he had no further relief available through the administrative process is belied by his own actions in pursuing his administrative remedies to

completion in February 2020.  There is no indication in the record that Plaintiff was ever informed or otherwise understood that he had no further administrative remedies available to him prior to filing this action in April 2019.  Accordingly, Plaintiff failed to exhaust his administrative remedies prior to filing the operative complaint in this action.

## IV. Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust, (ECF No. 33), be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 9, 2024**               /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE